## JAMES BLACK v. ADAM OBLENDER ET AL.

APPEAL BY C. SCHEAFER FROM THE COURT OF COMMON PLEAS
OF LANCASTER COUNTY.

Argued May 19, 1890—Decided June 2, 1890.

The surety upon a treasurer's official bond is liable for the balance in the hands of the principal at the end of his term, although the latter, being re-elected and continuing to have the custody of the funds without giving a new bond, embezzle the money afterward, and his default is not discovered until his successor is duly qualified.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and McCOLLUM, JJ.

No. 148 January Term 1890, Sup. Ct.; court below, No. 42 May Term 1888, C. P.

On April 27, 1888, James Black, as surviving trustee of Monterey Lodge, No. 242, I. O. of O. F., brought assumpsit against Adam Oblender and Christian Scheafer. Issue.

At the trial on December 3, 1889, it was shown that Adam Oblender was elected and qualified as the treasurer of the lodge for the term of one year, giving bond in $1,000 with Christian Scheafer as his surety. The first meeting night of his term was April 3, 1885, and the last meeting night, March 26, 1886. At this last-mentioned meeting, Oblender was re-elected treasurer for another term, but did not qualify by giving bond. About May 1, 1886, E. E. Snyder was elected treasurer, was duly qualified, and made demand upon Oblender for the funds of the lodge in his hands at the end of his term, March 26, 1886.

The court, PATTERSON, J., charged the jury in part as follows:

This action, gentlemen of the jury, is brought on a bond which you have heard read, and you saw it was signed by Adam Oblender and also by Christian Scheafer. Adam Oblender was not served and has put in no plea, and therefore there then can be no verdict against him in this suit. Christian Scheafer is the only defendant answering, and he puts in the plea of non-assumpsit. . . . .

Charge of Court below.

—After reviewing the testimony, the court proceeded:

[Well, then, what more does the plaintiff need to show, if, at the end of the year, this sum of $748.23 was still in the hands of Mr. Oblender? But the gentleman for the defence argued, that because the default was not discovered until after the termination of that year, therefore he is not liable. It is a strange argument, and one that you and I would not advance. If you owed me a note payable in thirty days, and it was not paid at maturity, and a day or two after I would come and demand payment from you, I would not hold that the note was not liable to be paid because it was not paid in the thirty days. Hence, in this case it was found that so much money was in the treasurer's hands. When the year ended he was re-elected. However, he did not seat himself properly as treasurer, under the by-laws of his own society; he never gave bail after that, and if he had, it would not avail the defendant here, because the plaintiff did not give up the amount of money received in that year, as well as the money paid out within that year. They could not do it. They could not charge this bail with anything else, although the gentleman for the defence insisted upon giving you that point.] [1] . . . . .

[Now, this is the whole of the case, the whole testimony; and how it can be argued for a moment that the bail is not liable, I cannot imagine; though the counsel before you argued that because they defaulted, because the default of Mr. Oblender was not discovered until after the end of the year for which he was bound, therefore he is not bound. It is a strange agrument, the strangest argument in the world. How could they discover till the end of the year that he was in default, and until after Mr. Snyder had demanded the balance in his hands? He had given bail, and he was the proper officer to demand it. He did demand it, and, of course, Mr. Oblender yet was to pay this, and that did not relieve him. If this money was in his hands and he had never paid it out upon the order of the secretary, why he is bound for it. There would be no use in giving a bond as security, if that was not the case. But it is argued that because it was not discovered until after his year was up, therefore he is not liable. Even if he had given his bond and taken his place according to the rules of the society, he would be liable for this balance; but he did

Arguments.

not, and, therefore, there is no excuse for not paying over to his successor the money he received till after he was qualified or inaugurated a treasurer of the society.] [2] . . . . .

The defendant requests the court to charge:

1. There is no evidence on the part of the plaintiff that Oblender, the treasurer, was guilty of any default until after March 26, 1886, when the bond in suit had expired; that he had paid all orders drawn upon him by the lodge, plaintiff, previous to that time, and, therefore, the verdict of the jury should be in favor of the defendant.

Answer: We answer, no, to that. We answer, it makes no difference that the bond had expired, if the year had passed and the money was not paid. If I give a note payable in thirty days, and do not pay it at that time when demanded, and after that thirty days had expired you could not recover it because the time had expired, it would be a queer doctrine. [3]

2. Adam Oblender, the principal in the bond in suit was re-elected treasurer on March 26, 1886, about the time his term expired for which said bond was given, for one year; that he acted as treasurer for some time after that date, received money of the lodge as such, and performed all duties incidental to his office as treasurer; that no demand for money due to the lodge was made of him until about the time his successor was installed, viz.: about May 1, 1889; that, therefore, there was no default until the time of demand, for which default the surety in the bond for the previous year, who is the defendant, Scheafer, is not liable, and verdict should be for the defendant.

Answer: We deny that point; that is not the law. [4]

—The jury returned a verdict in favor of the plaintiff for $704.73. Judgment having been entered, the defendant Scheafer took this appeal, assigning for error:

1, 2. The parts of the charge embraced in [ ] [1] [2]

3, 4. The answers to the defendant's points. [3] [4]

*Mr. Benj. F. Davis*, for the appellant.

Counsel cited: De Hart v. McGuire, 10 Phila. 359; Paul v. Connor, 17 W. N. 175; Beyerle v. Hain, 61 Pa. 226; Mut. B. & L. Ass'n v. McMullen, 1 Penny. 431.

*Mr. W. D. Weaver* and *Mr. John E. Snyder*, for the appellee, were not heard.

Opinion of the Court.

In the brief filed, counsel cited: Wayne v. Commercial Bank, 52 Pa. 343.

PER CURIAM:

Adam Oblender was the treasurer of Monterey Lodge, Independent Order of Odd Fellows, of Lancaster. The appellant, Christian Scheafer, was the surety on his official bond; and this suit was brought to recover the sum of $748.23, a balance admitted to have been in the hands of the said treasurer at the expiration of his term of office, and which he has never paid over to his successor in office. His term ended on March 26, 1886. On that day he was re-elected for another year, but did not give bond for the term for which he was re-elected, and was not, therefore, qualified as treasurer for the second term. One E. E. Snyder was then elected treasurer, and on or about May 1, 1886, made demand on Oblender for the funds in his hands, which demand was not complied with. Had he given bond for the second term, and thus have succeeded himself as treasurer, there might have been a necessity of inquiring into the date when the actual default occurred. If the funds had been on hand on March 26, 1886, and had passed into his custody as his own successor, there would not have been a default under the first bond. But he did not succeed himself; the money never passed out of his hands into the possession of any one authorized to receive it; his refusal to pay it when it was lawfully demanded made him a defaulter, and fixed the liability of his surety.

Judgment affirmed.